John S. Craiger (#021731)
**POLSINELLI PC**
CityScape, One E. Washington St., Ste. 1200
Phoenix, AZ 85004
Telephone:  (602) 650-2000
Facsimile:  (602) 264-7033
jcraiger@polsinelli.com
*Attorneys for Plaintiff G-Style Transport, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pinnacle Transplant Technologies, LLC, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Breach of Contract)** |
| Alevio, LLC, | |
| Defendant. | |

Pinnacle Transplant Technologies, LLC ("Pinnacle" or "Plaintiff"), through its undersigned counsel, for its Complaint against Defendants, states and alleges as follows:

## PARTIES

1.    Plaintiff is an Arizona Limited Liability Company whose principal offices are located at 1125 W. Pinnacle Peak Road in Phoenix.

2.    Defendant Alevio, LLC ("Alevio") is a Mississippi Limited Liability Company, and its primary place of business is in Birmingham, Alabama.

## JURISDICTION AND VENUE

3.    The Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) over all claims in this action because: (1) as stated above, Plaintiff is not a citizen of any State in which Defendant is a citizen, and (2) the matter in controversy exceeds $75,000, exclusive of interest and costs, as explained more fully below.

1

87758086.1

4. In the agreement at issue (defined and attached below), Plaintiff and Alevio agreed that any dispute relating in any way to such agreement would only be adjudicated in a state court or federal district court located in Arizona, and they consented to the exclusive jurisdiction and venue in this court.

5. Alevio is subject to the jurisdiction of this Court.

6. Venue is proper in this Court.

7. In the agreement at issue, Plaintiff and Alevio agreed that Arizona law would apply to any dispute under the terms of the agreement.

## THE AGREEMENT

8. Pinnacle is a multi-service tissue bank experienced in the procurement of processing certain biological tissues into bioimplants for transplantation.

9. Alevio is a company in the business of designing, distributing, and marketing certain bioimplants for transplantation.

10. Pinnacle and Alevio entered into a Tissue Procurement, Processing and Distribution Agreement (the "Agreement"), dated September 27, 2018, pursuant to which Pinnacle would provide bioimplants to Alevio and Alevio would pay Pinnacle in accordance with the terms of the agreement. The Agreement is attached hereto as Exhibit "A".

11. Starting in December of 2018, Pinnacle provided bioimplants to Alevio.

12. When delivering the bioimplants, Pinnacle at all times performed all its obligation as described in the Agreement including, but not limited to, providing the services and products described in the Agreement.

13. After Pinnacle delivered the bioimplants, it would invoice Alevio on a regular basis.

14. Pursuant to Section 6A of the Agreement, Alevio is obligated to pay Pinnacle the amounts invoiced by Pinnacle within 30 days of the date of invoice.

15. Alevio paid numerous invoices issued by Pinnacle without incident, however Alevio has failed to pay numerous invoices.

87758086.1

16.    The unpaid invoices issued by Pinnacle to Alevio (the "Unpaid Amounts") are as follows:

| Invoice No. | Invoice Date | Due Date | Invoiced Amount | Amounts Paid | Invoiced Amount Outstanding | Late Fees Through 12/31/22 | Total Amount Due as of 12/31/22 |
|---|---|---|---|---|---|---|---|
| INV036992 | 9/27/2021 | 10/27/2021 | 44,448.46 | (15,000.00) | 29,448.46 | 13,306.96 | 42,755.42 |
| INV037034 | 9/30/2021 | 10/30/2021 | 9,034.04 | - | 9,034.04 | 3,161.91 | 12,195.95 |
| INV037186 | 10/15/2021 | 11/14/2021 | 12,600.00 | - | 12,600.00 | 4,095.00 | 16,695.00 |
| INV037193 | 10/15/2021 | 11/14/2021 | 2,400.00 | - | 2,400.00 | 780.00 | 3,180.00 |
| INV037250 | 10/22/2021 | 11/21/2021 | 15,634.51 | - | 15,634.51 | 5,081.22 | 20,715.73 |
| INV037569 | 11/29/2021 | 12/29/2021 | 13,249.68 | - | 13,249.68 | 3,974.90 | 17,224.58 |
| INV037570 | 11/29/2021 | 12/29/2021 | 33,000.00 | - | 33,000.00 | 9,900.00 | 42,900.00 |
| | | | 130,366.69 | (15,000.00) | 115,366.69 | 40,299.99 | 155,666.68 |

17.    The Unpaid Amounts have not been paid.

18.    Pursuant to Section 6 of the Agreement, Alevio owes a two and on-half percent 2.5% late charge for each month payment is not timely made.

19.    On May 23, 2022, Plaintiff sent a demand for payment to Alevio. See May 23, 2022 Demand Letter attached hereto as Exhibit "B".

20.    Counsel for Plaintiff sent another demand letter on November 3, 2022. See November 3, 2022 Demand Letter attached hereto as Exhibit "C".

21.    Alevio did not respond to the demand letters and did not pay the amounts owed.

22.    As of December 31, 2022, the unpaid amounts owed by Alevio to Plaintiff were at least $155,666.68.  This amount will continue to increase every month.

23.    Plaintiff is also entitled to recover its attorneys' fees and costs in bringing this action.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

24.    Plaintiff hereby incorporates each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

25.    The Agreement between Plaintiff and Alevio is a binding and enforceable contract.

26.    Plaintiff performed all of its obligations under the Agreement.

3

87758086.1

27. Alevio breached the Agreement by failing to pay the amounts due thereunder.

28. Plaintiff has been damaged by Alevio's breach in an amount exceeding $155,666.68.

29. Pursuant to A.R.S. §§ 12-341.01 and 12-341, Plaintiff is entitled to recover its attorneys' fees and costs incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor as follows:

1. Under Count I, that the Court enter judgment in favor of Plaintiff and against Alevio for breach of contract in an amount to be determined by the court but not less than $155,666.68;

2. That the judgment award all accrued and accruing late fees owing under the Agreement;

3. That the judgment award Plaintiff litigation expenses, including reasonable attorney's fees, in an amount to be determined by the Court;

4. That the judgment award interest on the foregoing amounts including late fees, costs, and attorney's fees at the highest rate allowed by law from the date of entry of judgment until paid; and

5. That the Court grants such other further relief as it deems just and proper.

Dated this 20th day of January, 2023.

**POLSINELLI PC**

By: */s/ John S. Craiger*
John S. Craiger
One E. Washington St., Ste. 1200
Phoenix, AZ 85004

*Attorneys for Plaintiff Pinnacle Transplant Technologies, LLC*

4

87758086.1